IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

WARREN EASLEY, :
    Plaintiff :
: No. 1:19-cv-2026
    v. :
: (Judge Rambo)
LISA HOLLIBAUGH, *et al.*, :
    Defendants :

# MEMORANDUM

This matter is before the Court pursuant *pro se* Plaintiff Warren Easley ("Plaintiff")'s motion for default judgment (Doc. No. 107) as to Defendant C.O. Gary Horton ("Horton"). For the following reasons, the Court will grant the motion.

## I. BACKGROUND

*Pro se* Plaintiff Warren Easley ("Plaintiff"), who is currently incarcerated at the State Correctional Institution Phoenix in Collegeville, Pennsylvania ("SCI Phoenix"), initiated the above-captioned action on November 26, 2019 by filing a complaint pursuant to 42 U.S.C. § 1983 against Defendants Hollibaugh and C.O. Gary Horton ("Horton"), raising claims arising from his incarceration at SCI Smithfield. (Doc. No. 1.) Plaintiff alleges that Defendant Horton violated his Eighth Amendment rights by using excessive force against him while Plaintiff was incarcerated in a psychiatric observation cell ("POC") at SCI Smithfield. (*Id.* at 3.) Specifically, Plaintiff alleges that on March 19, 2018, he asked Defendant Horton to "contact a psych for him" to receive mental health treatment. (*Id.*) Defendant

Horton "began to get irritated" and verbally harass Plaintiff. (*Id.*) Plaintiff asked to speak to a ranking officer, at which point Defendant Horton opened Plaintiff's wicket and began to strike Plaintiff repeatedly in the stomach. (*Id.*) Plaintiff eventually put his arm in the wicket to prevent Defendant Horton from using OC spray. (*Id.* at 4.) Defendant Horton then slammed Plaintiff's arm and shoulder in the slot. (*Id.*) Plaintiff suffered stomach pain and diarrhea for days, and experienced "unbearable pain" in his stomach because of his prior surgeries due to a gunshot wound. (*Id.*) Plaintiff suffered cuts, abrasions, and swelling in his arm and shoulder, and he lost mobility for weeks. (*Id.*) Plaintiff avers that he filed a grievance regarding the use of excessive force, and that his grievance was upheld in his favor. (*Id.* at 5.) He maintains that Defendant Horton was suspended due to the use of excessive force. (*Id.*)

Defendant Horton was served with the complaint on July 14, 2020. (Doc. No. 61.) Defendant Horton, however, has not appeared to defend against the above-captioned action. On August 31, 2020, Plaintiff requested that the Clerk enter default against Defendant Horton. (Doc. No. 79.) Clerk's entry of default was entered on September 1, 2020. (Doc. No. 83.) On March 22, 2021, the Court granted Defendant Hollibaugh's motion for summary judgment and directed Plaintiff to file a properly-supported motion for summary judgment within thirty (30) days if he

wished to pursue default judgment against Defendant Horton. (Doc. Nos. 103, 104.) A copy of Plaintiff's motion and brief in support thereof was served upon Defendant Horton on April 1, 2021. (Doc. No. 112.) Given Defendant Horton's lack of participation in this matter, no opposition to the motion has been filed. Because the applicable time period for responding has expired, the motion for default judgment is ripe for disposition.

## II. LEGAL STANDARD

Default judgments are governed by a two-step process set forth under Rule 55 of the Federal Rules of Civil Procedure. An entry of default by the Clerk of Court under Rule 55(a) is a prerequisite to a later entry of a default judgment under Rule 55(b). *See* 10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2682 (3d ed. 2007) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a)."). Once the Clerk of Court has entered a default, the party seeking the default may then move the court to enter a default judgment under Rule 55(b)(2). The entry of default, however, does not entitle a claimant to default judgment as a matter of right. *See* 10 James Wm. Moore *et al.*, Moore's Federal Practice § 55.31 (Matthew Bender ed. 2010). It is well settled that decisions related to the entry of default

3

judgment are committed to the sound discretion of the district court. *See Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987).

There are three (3) factors that control the exercise of the Court's discretion in determining whether default judgment should be granted: "(1) prejudice to the plaintiff if default is denied, (2) whether the defendant appears to have a litigable defense, and (3) whether defendant's delay is due to culpable conduct." *See Chamberlain v. Giampapa*, 210 F.3d 154, 164 (3d Cir. 2000) (citing *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984)). "A finding that default judgment is appropriate, however, is not the end of the inquiry." *Martin v. Nat'l Check Recovery Servs., LLC*, No. 12-1230, 2016 WL 3670849, at *1 (M.D. Pa. July 11, 2016). Prior to entering default judgment, the Court must also determine whether the "unchallenged facts constitute a legitimate cause of action." *See* Wright, *et al.*, *supra*, at § 2688; *Broad. Music, Inc. v. Spring Mount Area Bavarian Resort, Ltd.*, 555 F. Supp. 2d 537, 541 (E.D. Pa. 2008) ("Consequently, before granting a default judgment, the Court must . . . ascertain whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."). When making this determination, "the well-pleaded, factual allegations of the complaint . . . are accepted as true and treated as though they were established by proof." *See E. Elec. Corp. of N.J. v. Shoemaker Const. Co.*, 652 F.

4

Supp. 2d 599, 605 (E.D. Pa. 2009) (citation omitted). Although the Court must accept as true the well-pleaded allegations of the complaint, the Court does not need to accept the moving party's factual allegations or legal conclusions relating to the amount of damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

**III. DISCUSSION**

Upon review of the record, including Plaintiff's motion, supporting brief, and complaint, the Court concludes that Plaintiff's motion should be granted, but because the Court presently cannot discern the appropriate amount of damages, the Court will defer the entry of judgment against Defendant Horton until a hearing on damages is conducted and the appropriate award can be determined.

As an initial matter, the Court observes that Plaintiff's unchallenged allegations, taken as true, state a legitimate cause of action for excessive force, in violation of the Eighth Amendment. The Eighth Amendment's protection against cruel and unusual punishment is the "primary source of substantive protection in cases where an inmate challenges a prison official's use of force as excessive and unjustified." *See Brooks v. Kyler*, 204 F.3d 102, 105 (3d Cir. 2000). The standard governing the Court's inquiry as to whether a plaintiff has a viable excessive force claim is "whether force was applied in a good faith effort to maintain or restore

5

discipline or maliciously and sadistically for the very purpose of causing harm." *See Giles v. Kearney*, 571 F.3d 318, 326 (3d Cir. 2009) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)).

Under proper circumstances, a court may determine the issue of whether excessive force was used as a matter of law. In such cases, summary judgment is appropriate when "it appears that the evidence, viewed in the light most favorable to the plaintiff, will [not] support a reliable inference of wantonness in the infliction of pain." *See Brooks*, 204 F.3d at 106 (quoting *Whitley*, 475 U.S. at 322). In making this determination, courts are tasked with evaluating the following *Whitley* factors:

> (1) the need for the application of force; (2) the relationship between the need and the amount of force that was used; (3) the extent of injury inflicted; (4) the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) any efforts made to temper the severity of a forceful response.

*Id.* The United States Supreme Court has stated:

> [W]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency are always violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.

*Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (quoting *Hudson v. McMillian*, 503 U.S. 1 (1992)).

In the instant case, the factual allegations discussed *supra* clearly indicate wrongful conduct on the part of Defendant Horton that would entitle Plaintiff to assert an excessive force claim against him.  Accordingly, the Court concludes that the complaint sets forth an adequate basis for recovery on this claim.  Moreover, having considered the three (3) factors set forth above, the Court finds that granting Plaintiff's motion is warranted because: (1) Plaintiff has demonstrated prejudice due to Defendant Horton's lack of participation in this matter because Plaintiff's efforts to obtain damages have been impeded; (2) the record is devoid of any showing of any meritorious defense by Defendant Horton; and (3) taking Plaintiff's allegations as true, the Court finds clearly culpable conduct on the part of Defendant.  *See Chamberlain*, 210 F.3d at 164).  The Court, therefore, will grant Plaintiff's motion for default judgment against Defendant Horton.  However, entry of judgment as to Defendant Horton will be deferred pending a hearing on damages, as the Court cannot ascertain the damages to which Plaintiff would potentially be entitled at this juncture.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for default judgment (Doc. No. 107) will be granted.  The Court will defer the entry of judgment as to Defendant

Horton pending a hearing regarding a determination of damages. An appropriate Order follows.

s/ Sylvia H. Rambo
United States District Judge

Date: April 30, 2021